IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

PEARLEY THOMAS, Individually;
ESTATE OF CHRISTOPHER A. THOMAS,
Deceased, by and through Pearley Thomas,
Administratrix; MICHAEL D. THOMAS, a
Minor, by and through his Mother and Natural
Guardian, Pearley Thomas; and TONYA
L. MILLER                                                                                   PLAINTIFFS

VERSUS                                                    CIVIL ACTION NO. 2:04CV187-P-A

FORD MOTOR COMPANY                                                                 DEFENDANT

## ORDER

This cause is before the Court on the defendant's Motion for Summary Judgment [33]. The Court, having reviewed the motion and being otherwise fully advised in the premises, finds as follows, to-wit:

Defendant's motion for summary judgment is based on the plaintiffs' lack of expert testimony to support their products liability claims. The plaintiffs failed to respond to the motion, instead filing a motion seeking a stay of all proceedings and leave to amend their complaint. That motion was denied by way of an Order entered November 15, 2005.

Christopher Thomas was involved in a one-vehicle accident on August 26, 2001 in DeSoto County, Mississipi at approximately 11:30 p.m. Thomas was driving a 2000 Ford Focus owned by his sister, Tonya Miller. According to the police report, there were no witnesses to the accident. The officer determined that Thomas "ran off the road and flipped the vehicle." Thomas died on July 11, 2003, allegedly as a result of the injuries he sustained in the August 2001 accident.

On July 16, 2004, plaintiffs filed this wrongful death suit against Ford contending that the accident and Christopher Thomas' injuries and subsequent death were caused by defects in the 2000 Ford Focus. The alleged defects included "suspension, steering and control mechanisms", "loose pinch bolts", "lower control arms", and "ball joints". The complaint also alleged that the car was "susceptible to sudden acceleration and that the occupant restraint system was defective. Finally, plaintiffs alleged that the use of tempered glass instead of laminated class in certain windows amounted to a product defect.

Plaintiffs' original expert deadline was May 25, 2005. Plaintiffs filed an designation of experts on that date, but failed to provide the expert reports required by Uniform Local Rule 26.1. The Court extended plaintiffs' expert deadline not once, but twice. Notwithstanding the additional time granted by the Court, plaintiffs failed to supplement their expert witness disclosures by July 31, 2005, the amended deadline. In response to a motion by defendant Ford, the Court ordered plaintiff's experts stricken on September 13, 2005. In the absence of any expert for their case-in chief, plaintiffs have failed to properly identify any defect in the 2000 Ford Focus.

The fact that plaintiffs' decedent was injured in an automobile accident while driving a Ford Focus is not proof of a defect in the vehicle. Creel v. General Motors Corp., 233 So.2d 105, 109-10 (Miss. 1970). Manufacturers are not insurers and are under no duty to design an "accident-proof or foolproof vehicle." Cooper v. General Motors Corp., 702 So.2d 428, 443 (Miss. 1997). Instead, a plaintiff must prove each of the following elements to warrant recovery:

1. The existence of a defect;

2. The defect was present when the product left the defendant's control;

3. An alternative design existed which, to a reasonable probability, would have

2

    prevented the plaintiff's injuries; and

  4.  The product defect proximately caused the plaintiff's injuries or death.

Miss. Code Ann. § 11-1-63. In short, plaintiffs must demonstrate <u>how</u> the Ford Focus vehicle was defective. <u>Childs v. General Motors Corp.</u>, 73 F.Supp.2d 669, 671 (N.D. Miss. 1999). As a further matter, plaintiffs must also prove that the existence of a feasible design alternative that would have prevented the harm. Finally, there is nothing in the record to establish the critical element of causation in this case. In the face of such a failure of proof, the Court must grant the defendant's properly supported motion for summary judgment.

  IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant's Motion for Summary Judgment [33] is well-taken and should be, and hereby is, GRANTED. A Judgment will issue accordingly.

  This, the 20th day of December, 2005.

            /s/ W. Allen Pepper, Jr.
            W. ALLEN PEPPER, JR.
            UNITED STATES DISTRICT JUDGE